1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    KRISTEL A.,

8                        Plaintiff,          NO. 4:22-CV-5128-TOR

9         v.                                 ORDER DENYING PLAINTIFF'S
                                             BRIEF AND GRANTING
                                             DEFENDANT'S BRIEF
10   KILOLO KIJAKAZI, Acting
     Commissioner of Social Security,

11
                         Defendant.
12

13        BEFORE THE COURT are the parties' briefs seeking judgment in this case.

14   ECF Nos. 14, 16.  These matters were submitted for consideration without oral

15   argument.  The Court has reviewed the administrative record, the parties'

16   completed briefing, and is fully informed.  For the reasons discussed below,

17   Plaintiff's request for remand, ECF No. 14, is DENIED, and Defendant's request

18   to affirm the ALJ, ECF No. 16, is GRANTED.

19                              **JURISDICTION**

20        The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

limited: The Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence"

means relevant evidence that "a reasonable mind might accept as adequate to

support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated

differently, substantial evidence equates to "more than a mere scintilla[,] but less

than a preponderance." *Id.* (quotation and citation omitted). In determining

whether this standard has been satisfied, a reviewing court must consider the entire

record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id.* An "error is harmless

where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

1115 (citation omitted).  The party appealing the ALJ's decision generally bears

the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be unable "to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

impairment must be "of such severity that [he or she] is not only unable to do [his

or her] previous work[,] but cannot, considering [his or her] age, education, and

work experience, engage in any other kind of substantial gainful work which exists

in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On October 22, 2018, Plaintiff filed an application for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of September 1, 2017.  Tr. 336–348, 341–348.  The applications were denied initially, Tr. 121–138, and again on reconsideration.  Tr. 139–72.  Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on October 1, 2020.  Tr. 36–70.  On August 5, 2021, a supplemental telephonic hearing was held.  Tr. 71–120.  The ALJ denied Plaintiff's claim on September 13, 2021.  Tr. 13–35.  On April 13, 2022, the Appeals Council denied review, Tr. 1–6, making the decision final for purposes of judicial review.  *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

The ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023.  Tr. 18.  At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity

since September 1, 2017, the alleged onset date.  *Id*.  At step two, the ALJ found

Plaintiff had the following severe impairments: fibromyalgia, migraines,

generalized anxiety disorder with agoraphobia, and unspecified mood disorder.  Tr.

19.  At step three, the ALJ found Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of the

listed impairments.  *Id.*  The ALJ then found Plaintiff had the RFC to perform light

work with the following limitations:

> [Plaintiff] can only occasionally stoop, kneel, crouch, crawl and climb
> ramps and stairs, can never climb ladders, ropes and scaffolds, must
> avoid all exposure to unprotected heights and hazardous machinery,
> must avoid concentrated exposure to extreme temperatures, excessive
> noise (meaning louder than loud traffic), excessive vibrations and
> airborne particulates, is limited to simple, repetitive and some detailed
> tasks but no complex tasks, no tasks with the general public, can have
> superficial contact with co-workers but cannot perform tandem tasks
> and can have only occasional changes in a work setting.

Tr. 21.

At step four, the ALJ found Plaintiff is unable to perform any past relevant

work.  Tr. 27.  At step five, the ALJ found, based on Plaintiff's age, education,

work experience, and RFC, there are other jobs that exist in significant numbers in

the national economy that Plaintiff can perform, such as marker, routing clerk, and

office helper.  Tr. 28.  The ALJ concluded Plaintiff was not under a disability, as

defined in the Social Security Act, from September 1, 2017 through September 13,

2021, the date of the ALJ's decision.  Tr. 28–29.

**ISSUES**

1. Whether the ALJ properly conducted a step three evaluation;

2. Whether the ALJ properly assessed Plaintiff's subjective complaints;

3. Whether the ALJ properly evaluated the medical opinion evidence; and

4. Whether the ALJ properly conducted a step five evaluation.

ECF No. 14 at 7.

**DISCUSSION**

**I.    Step Three**

Plaintiff contends the ALJ erred at step three by failing to conduct an adequate analysis and failing to find Plaintiff disabled.  ECF No. 14 at 18.

An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to a listing in an equivalency determination unless the claimant presents evidence to establish equivalence.  *Burch*, 400 F.3d at 683.

For "paragraph B" criteria, Listing 12.06 requires that the claimant show an extreme limitation in one, or marked limitation in two, of the following functional areas: (1) Understand, remember, or apply information, (2) Interact with others; (3) Concentrate, persist, or maintain pace; and (4) Adapt or manage oneself.  20 C.F.R. Pt. 404, Subpt P, App. 1, § 1200.  To satisfy the "paragraph C" criteria for Listing 12.06, the claimant must show that the disorder(s) are "serious and persistent" and there must be "a medically documented history of the existence of the disorder

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 8

over a period of at least 2 years, and evidence that satisfies the criteria in both C1 and C2." *Id.*  Here, the ALJ considered the Listing at issue and found Plaintiff did not satisfy the requirements of the criteria.  Tr. 19–21.

The ALJ found "paragraph B" criteria were not satisfied.  Tr. 21.  In understanding, remembering or applying information, the ALJ found Plaintiff has no limitation based on the lack of evidence showing limitations and examinations showing Plaintiff regularly had intact memory, good insight, and judgment.  Tr. 20 (citations to the record omitted).  In interacting with others, the ALJ found Plaintiff has a moderate limitation where several exams demonstrated Plaintiff had anxious, depressed or dysphoric mood and affect and exhibit rapid speech but where other exams demonstrated Plaintiff as pleasant, with good mood and affect and exhibited normal behavior.  Tr. 20 (citations to the record omitted).  The ALJ also noted Plaintiff reported she socialized with her family, goes shopping in stores, worked part time around others, and denied difficulty getting along with others.  Tr. 21 (citations to the record omitted).  In concentrating, persisting or maintaining pace, the ALJ found Plaintiff has a moderate limitation.  The ALJ noted there were several exams where Plaintiff presented as anxious, demonstrated rapid speech, and had delayed responses, but otherwise Plaintiff regularly had intact attention and concentration and Plaintiff was able to clean, do laundry, prepare meals, drive, shop, handle her finances, and complete tasks.  Tr. 21 (citations to the record

omitted).  In adapting or managing oneself, the ALJ found Plaintiff has a moderate

limitation.  Tr. 21.  The ALJ noted there was no evidence of any severe

exacerbation that required hospitalizations and that Plaintiff reported being able to

perform a wide range of activities, as discussed earlier.  *Id.* (citations to the record

omitted).  As a result, the ALJ found "paragraph B" criteria were not satisfied.  Tr.

21.

  The ALJ found "paragraph C" criteria were not satisfied.  Tr. 21.  The ALJ

noted that the record does not establish that Plaintiff has only a minimal capacity to

adapt to changes in her environment or to demands that are not already part of her

daily life.  *Id.*  The ALJ specifically relied on Plaintiff's reports that she is able to

function and perform activities of daily living.  *Id.* (citations to the record omitted).

  Plaintiff contends the ALJ erred regarding the both the "paragraph B" and

"paragraph C" criteria.  ECF No. 14 at 18.  Plaintiff asserts Dr. Toew's and ARNP

Combs' opinions establish that she meets both "paragraph B" and "paragraph C"

criteria.  *Id.*  As discussed below, the ALJ's finding both opinions unpersuasive is

supported by substantial evidence.  Therefore, this is not a basis to find error at

step three.

## II.   Plaintiff's Symptom Testimony

  Plaintiff contends the ALJ did not rely on clear and convincing reasons in

rejecting Plaintiff's subjective complaints.  ECF No. 14 at 19–20.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 10

1    An ALJ engages in a two-step analysis to determine whether a claimant's

2    subjective symptom testimony can be reasonably accepted as consistent with the

3    objective medical and other evidence in the claimant's record.  Social Security

4    Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine

5    whether there is 'objective medical evidence of an underlying impairment which

6    could reasonably be expected to produce the pain or other symptoms alleged.'"

7    *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*,

8    572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her

9    impairment 'could reasonably be expected to cause the severity of the symptom

10    she has alleged; she need only show that it could reasonably have caused some

11    degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v.*

12    *Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

13    Second, "[i]f the claimant meets the first test and there is no evidence of

14    malingering, the ALJ can only reject the claimant's testimony about the severity of

15    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

16    rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

17    omitted).  General findings are insufficient; rather, the ALJ must identify what

18    symptom claims are being discounted and what evidence undermines these claims.

19    *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

20    *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 11

1    explain why he or she discounted claimant's symptom claims).  "The clear and

2    convincing [evidence] standard is the most demanding required in Social Security

3    cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

4    *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

5        The ALJ is instructed to "consider all of the evidence in an individual's

6    record," "to determine how symptoms limit ability to perform work-related

7    activities."  SSR 16-3p, 2016 WL 1119029, at *2.  When evaluating the intensity,

8    persistence, and limiting effects of a claimant's symptoms, the following factors

9    should be considered: (1) daily activities; (2) the location, duration, frequency, and

10   intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

11   symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

12   an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

13   other than medication, an individual receives or has received for relief of pain or

14   other symptoms; (6) any measures other than treatment an individual uses or has

15   used to relieve pain or other symptoms; and (7) any other factors concerning an

16   individual's functional limitations and restrictions due to pain or other symptoms.

17   *Id*. at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

18       Here, the ALJ found Plaintiff's impairments could reasonably be expected to

19   cause the alleged symptoms.  Tr. 24.  However, the ALJ found Plaintiff's

20   statements concerning the intensity, persistence, and limiting effects of those

1   symptoms were not entirely consistent with the other evidence in the record.  *Id.*

2                    1.  *Objective Medical Evidence*

3          Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony

4   was not supported by the objective medical evidence.  ECF No. 14 at 19.

5          Objective medical evidence is a relevant factor, along with the medical

6   source's information about the claimant's pain or other symptoms, in determining

7   the severity of a claimant's symptoms and their disabling effects.  20 C.F.R. §§

8   404.1529(c)(2); 416.929(c)(2).  However, an ALJ may not discredit a claimant's

9   symptom testimony and deny benefits solely because the degree of the symptoms

10  alleged is not supported by objective medical evidence.  *Id.*

11         The ALJ found the objective medical evidence did not support the level of

12  limitation Plaintiff claimed.  Tr. 24.  The ALJ noted what while Plaintiff reported

13  severe and frequent symptoms due to anxiety and a panic disorder, Plaintiff often

14  had unremarkable findings during exams and had only mild to moderate findings at

15  worst.  Tr. 24.  The ALJ found Plaintiff often presented as pleasant, calm, well

16  groomed, made good eye contact, had a good mood and affect, exhibited normal

17  speech, thoughts and behavior, had good insight and judgment and had intact

18  memory, attention and concentration.  *Id.* (citations to the record omitted).  The

19  ALJ also found Plaintiff reported improved symptoms with medication, several

20  exams where Plaintiff reported only mild to moderate symptoms, and there was no

1   evidence Plaintiff required hospitalizations or any significant treatment. *Id.*

2   Finally, in terms of physical health, the Plaintiff noted Plaintiff's physical exams

3   were largely unremarkable where Plaintiff regularly walked with a normal gait,

4   had full extremity range of motion and intact strength, sensation, coordination, and

5   reflexes, and migraines were generally mild and Plaintiff denied having headaches

6   in several more recent exams.  Tr. 25 (citations to the record omitted).

7        Plaintiff contends the ALJ erred in failing to assess the waxing and waning

8   mental health symptoms associated with fibromyalgia and consider episodes of

9   sinusitis and hospitalizations.  ECF No. 14 at 19.  The ALJ accounted for

10  Plaintiff's fibromyalgia diagnosis and symptoms in the RFC by reducing Plaintiff

11  to light work.  *See* ECF No. 23, 26–27.  Moreover, while the record does

12  demonstrate hospitalizations, the ALJ found Plaintiff received routine and

13  conservative treatment that improved her symptoms, a finding that Plaintiff does

14  not challenge.  *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).

15       The ALJ's finding is supported by substantial evidence.  Plaintiff's own

16  interpretation of the record cannot overturn the ALJ's conclusions.  "Where

17  evidence is susceptible to more than one rational interpretation, it is the ALJ's

18  conclusion that must be upheld."  *Burch*, 400 F.3d at 679 (citation omitted).  Any

19  error is harmless because the ALJ considered other factors beyond the objective

20  medical evidence.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

1          *2. Daily Activities*

2          Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony

3    conflicted with her daily activities.  ECF No. 14 at 20.

4          A claimant's daily activities is a relevant factor in assessing a claimant's

5    symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  An adverse credibility

6    finding is warranted if (1) Plaintiff's activities contradict other testimony, or (2)

7    Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits

8    involving the performance of physical functions that are transferable to a work

9    setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).

10         The ALJ found Plaintiff's daily activities suggest she is not as limited as

11   alleged.  Tr. 25.  The ALJ noted Plaintiff reported being able to perform a wide

12   range of daily activities, including being able to tend to her personal care and

13   hygiene, clean her home, prepare meals, drive, shop in stores, handle finances, and

14   spend time with her family.  *Id.* (citations to the record omitted).  The ALJ also

15   noted Plaintiff denied difficulty squatting, bending, standing, reaching, walking,

16   sitting, kneeling, climbing, using her hands, completing tasks, and getting along

17   with others.  *Id.*  Finally, the ALJ noted Plaintiff reported working part time during

18   the relevant period.  *Id.*  Considered together, the ALJ concluded that Plaintiff's

19   physical and mental abilities and social interactions required in performing these

20

1    daily activities are the same as those necessary for obtaining and maintain

2    employment. *Id.*

3          The ALJ's finding that Plaintiff is able to spend a substantial part of her day

4    engaged in pursuits involving the performance of functions that are transferable to

5    a work setting is a reasonable interpretation of the record. The ALJ's finding is

6    supported by substantial evidence.

7          **III.    Medical Opinion Evidence**

8          Plaintiff challenges the ALJ's evaluation of the medical opinions of Angela

9    Combs, ARNP, Carole Siefken, ARNP, Jay Toews, EdD, and Robert Whitson,

10   DO. ECF No. 14 at 10–17.

11         For claims filed on or after March 27, 2017, new regulations apply that

12   change the framework for how an ALJ must evaluate medical opinion evidence.

13   20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the*

14   *Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18,

15   2017). The ALJ applied the new regulations because Plaintiff's claims were filed

16   after March 27, 2017.

17         Under the new regulations, the ALJ will no longer "give any specific

18   evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL

19   168819, 82 Fed. Reg. 5844-01, 5867–68. Instead, an ALJ must consider and

20   evaluate the persuasiveness of all medical opinions or prior administrative medical

findings from medical sources. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The factors for evaluating the persuasiveness of medical opinions and prior

administrative medical findings include supportability, consistency, relationship

with the claimant, specialization, and "other factors that tend to support or

contradict a medical opinion or prior administrative medical finding" including but

not limited to "evidence showing a medical source has familiarity with the other

evidence in the claim or an understanding of our disability program's policies and

evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors,

supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2),

416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive

factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§

404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions

1    or prior administrative findings "about the same issue are both equally well-

2    supported . . . and consistent with the record . . . but are not exactly the same," the

3    ALJ is required to explain how "the most persuasive factors" were considered.  20

4    C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

5         These regulations displace the Ninth Circuit's standard that require an ALJ

6    to provide "specific and legitimate" reasons for rejecting an examining doctor's

7    opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  As a result, the

8    ALJ's decision for discrediting any medical opinion "must simply be supported by

9    substantial evidence." *Id.*

10        **A.  Angela Combs, ARNP**

11        Plaintiff contends the ALJ committed clear legal error in failing to address

12   the opinion of ARNP Ms. Combs.  ECF No. 14 at 11.  The ALJ mistakenly

13   attributed Ms. Comb's opinion to Ms. Siefken.  *See* Tr. 26, 873–76.  Ms. Combs

14   opined Plaintiff had generally mild to moderate limitations but had severe

15   limitation to her ability to respond to supervisors, get along with co-workers,

16   concentrated and dealing with unfamiliar environments, as well as stating Plaintiff

17   would be frequently absent and off task.  *Id.*  While the ALJ erred in attributing the

18   opinion to Ms. Siefken, the error is harmless where the ALJ reviewed and

19   considered Ms. Combs' opinion's supportability and consistency.  20 C.F.R. §§

20   404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ found Ms. Combs' opinion unpersuasive.  Tr. 26.  While it was error to find the opinions attributed to one medical expert internally inconsistent, the ALJ addressed the lack of supportability and consistency in other ways. Regarding supportability, the ALJ found her examination did not contain findings to support any marked and severe limitations.  As to consistency, the ALJ found the findings inconsistent with Plaintiff's conservative treatment and exams showing Plaintiff as pleasant, calm, well groomed, made good eye contact, had a good mood and affect, exhibited normal speech, thoughts and behavior, had good insight and judgment and intact memory, attention, and concentration.  *Id.* (citations to the record omitted).

The Court finds that the ALJ provided substantial evidence for finding Ms. Combs' opinion not persuasive.  The error of attributing the opinion to Ms. Siefken was harmless.

**B.  Carole Siefken, ARNP**

Ms. Siefken opined Plaintiff had no limitations to her ability to handle simple instructions, perform routine tasks, make simple decisions, communicate, maintain appropriate behavior, set goals independently and take appropriate precautions, had moderate limitations learning new tasks, handling detailed instructions, adapting to stressful changes and had marked limitations to her ability

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 19

to complete a normal work day or week without interruptions from symptoms. Tr. 26.

The ALJ found Ms. Siefken's opinion unpersuasive. Tr. 26. While it was error to find the opinions attributed to one medical expert internally inconsistent, the ALJ addressed the lack of supportability and consistency in other ways. Regarding supportability, the ALJ found her examination did not contain findings to support any marked and severe limitations. Regarding consistency, the ALJ found the findings inconsistent with Plaintiff's conservative treatment and exams showing Plaintiff as pleasant, calm, well groomed, made good eye contact, had a good mood and affect, exhibited normal speech, thoughts and behavior, had good insight and judgment and intact memory, attention, and concentration. *Id.* (citations to the record omitted).

The Court finds that the ALJ provided substantial evidence for finding Ms. Siefken's opinion not persuasive. The error of finding the opinions internally inconsistent was harmless.

**C. Jay Toews, EdD**

Dr. Toews testified at the initial hearing on Plaintiff's mental impairments, finding Plaintiff's mental impairment caused marked limitations in several areas of functioning. Tr. 25. Dr. Toews also testified at the supplemental hearing, finding Plaintiff had mild to moderate limitations in her functional domains and Plaintiff is

limited to work involving limited social interactions and not involving fast-paced tasks. *Id.*

The ALJ found Dr. Toew's two opinions unpersuasive. Tr. 25. Regarding supportability, the ALJ found his first opinion on marked limitations was inconsistent with Plaintiff's conservative treatment and exams showing Plaintiff often presented as pleasant, calm, well groomed, made good eye contact, had a good mood and affect, exhibited normal speech, thoughts and behavior, had good insight and judgment and had intact memory, attention and concentration. *Id.* (citations to the record omitted). Regarding consistency, the ALJ found Dr. Toew's opinions, one with marked limitations and the second with mild and moderate limitations, drastically inconsistent with each other. *Id. i*

The Court finds that the ALJ provided substantial evidence for finding Dr. Toews' opinion not persuasive.

**D. Robert Whitson, DO**

Dr. Whitson opined Plaintiff cannot lift more than 2 pounds, is unable to stand or walk, can only frequently use her upper extremities, will miss over 4 days of work a month, and will be off task for more than 20% of the work day. Tr. 27.

The ALJ found Dr. Whitson's opinion unpersuasive. *Id.* As to supportability, the ALJ found the opinion was not well supported where his examinations did not contain findings matching the severity of the limitations in

his opinion. *Id.* As to consistency, the ALJ found the opinion inconsistent with Plaintiff's minimal treatment and exams showed she often walked with a normal gait, had full extremity range of motion and had intact strength, sensation, coordination and reflexes. *Id.* (citations to the record omitted).

The Court finds that the ALJ provided substantial evidence for finding Dr. Whitson's opinion not persuasive.

**IV.    Step Five**

Plaintiff contends the ALJ erred by failing to conduct an adequate analysis at step five. ECF No. 14 at 20–21.

Plaintiff asserts the ALJ erred at step five in providing the vocational expert an incomplete hypothetical. ECF No. 14 at 20–21. Plaintiff's challenge is a restatement that the ALJ should have credited her symptom testimony and expert testimony of various experts, which the ALJ properly discounted as discussed *supra*. The Court finds the ALJ did not err.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Brief (effectively a motion for summary judgment), ECF No.
   14, is **DENIED.**

2. Defendant's Brief (effectively a motion for summary judgment), ECF
   No. 16, is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment for Defendant accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED June 7, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 23